IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VAN STEED, an individual, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| -vs- ) | Case No. CIV-06-348-F |
| ) | |
| WARRIOR CAPITAL LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Before the court is Defendants' Joint Motion to Dismiss, filed June 12, 2006 (doc. no. 43). Plaintiffs have responded to the motion and upon review of the parties' submissions, the court makes its determination.

Background

This action was commenced in the United States District Court for the Central District of California on August 11, 2005. Upon request of certain defendants and with no objection from other defendants, the court, on March 24, 2006, ordered the case transferred to this court pursuant to 28 U.S.C. § 1631.[1] Prior to the transfer, plaintiffs filed a First Amended Complaint (hereinafter "Complaint"), alleging various

---

[1] Section 1631 provides in pertinent part:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

*See,* 28 U.S. § 1631.

claims against defendants. In their motion, defendants[2] seek to dismiss five of the nine claims alleged in the Complaint. These claims are for alleged fraud (intentional misrepresentation), negligent misrepresentation, securities fraud (15 U.S.C. § 77q(a)[Securities Act of 1933 § 17(a)], securities fraud (Securities Exchange Act of 1934 § 10) and civil conspiracy. Defendants contend that all of the challenged claims should be dismissed because they are insufficiently pled. Defendants also contend that the 15 U.S.C. § 77q(a) claim should be dismissed because no private right of action exists for violation of that statute.

Standard of Review

A district court should not grant a motion to dismiss under Fed. R. Civ. P. 12(b)(6) unless it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claims which would entitled them to relief. *See*, Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In evaluating a motion under Rule 12(b)(6), "all well-pleaded factual allegations in the amended complaint are accepted as true and viewed in a light most favorable to the nonmoving party." Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff[s'] complaint alone is legally sufficient to state a claim for which relief may be granted." *Id*. (quotations omitted).

---

[2] The dismissal motion is filed by defendants, Warrior Capital, LLC, Advanced Powerline Oklahoma Corporation, Advanced Powerline Technologies, Inc., Darrel Uselton, Jack Uselton, Legacy Trading, Mark Uselton, Frank Uselton, Scott Uselton, Daniel M. Hatton (presumably in his individual and in his official capacity as Trustee of the Hatton Family Trust), Mark A. Robertson, Robertson & Williams, Roland Butler, Timothy Pace, Dorine Nyman and Michael Uselton. The remaining defendants, International Development Consultants, Tolan S. Furosho, National Stock Transfer, Inc., Roger Greer and Beverlee Kamerling, had defaults entered against them prior to the transfer of this case to this court.

Fed. R. Civ. P. 8 sets forth the general pleading standard for plaintiffs' Complaint. In accordance with Rule 8(a)(2), plaintiffs' Complaint must provide "a short and plain statement of [each] claim that will give the defendant[s] fair notice of what the plaintiff[s'] claim is and the grounds upon which it rests." United Steelworkers of Am. v. Or. Steel Mills, Inc., 322 F.3d 1222, 1228 (10th Cir. 2003) (quotations omitted). In addition, each averment in the plaintiffs' Complaint must be "simple, concise, and direct." Fed. R. Civ. P. 8(e). In evaluating the Complaint, the court is to construe the pleading "as to do substantial justice." Fed. R. Civ. P. 8(f).

Fed. R. Civ. P. 9(b) governs the pleading of certain special matters. Rule 9(b) provides in pertinent part: "In all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally." The requirements of Rule 9(b) are to be read in conjunction with the general pleading principles of Rule 8, calling for the pleadings to be "'simple, concise, and direct, . . . and to be construed as to do substantial justice.'" Schwartz v. Celestial Seasonings, Inc., 124 F.3d 1246, 1252 (10th Cir. 1997). As with Rule 8, Rule 9(b)'s purpose is to afford the defendants fair notice of plaintiffs' claims and the factual ground upon which they are based. *Id*. In order to plead fraud with particularity, plaintiffs' Complaint must "set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." Koch v. Koch Indus., 203 F.3d 1202, 1236 (10th Cir. 2000) (quotations omitted). This means "'the who, what, when, where, and how: the first paragraph of any newspaper story.'" Caprin v. Simon Transportation Services, Inc., 99 Fed. Appx. 150, 2004 WL 326995, *5 (10th Cir. February 23, 2004) (quoting DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir.1990)).

Prior to 1995, Rule 9(b) set the pleading standard for a securities fraud claim. In 1995, Congress heightened the pleading standard with the passage of the Private Securities Litigation Reform Act ("PSLRA"). Adams v. Kinder-Morgan, Inc., 340 F.3d 1083, 1095 (10th Cir.2003). The PSLRA requires that the plaintiffs must "specify each statement alleged to have been misleading" and the "reason or reasons why the statement is misleading." 15 U.S.C. § 78u-4(b)(1). Additionally, the plaintiffs must "state with particularity facts giving rise to a strong inference that the defendant[s] acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2). If a complaint fails to meet these requirements, the PSLRA requires dismissal. *See*, 15 U.S.C. § 78u-4(b)(3)(A).

Discussion

A.  Section 17(a) Claim

In their motion, defendants seek to dismiss plaintiffs' claim under section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a), on the grounds that the Tenth Circuit has held that no private right of action exists under section 17(a). *See*, Zink v. Merrill Lynch Pierce Fenner & Smith, Inc., 13 F.3d 330, 333 (10th Cir. 1993)(citing Bath v. Bushkin Gaims Gaines & Jonas, 913 F.2d 817 (10th Cir. 1990)). Plaintiffs concede that the Tenth Circuit has so ruled but note that other circuits have found otherwise. However, based upon the cited Tenth Circuit[3] authority, the court concludes that dismissal of the section 17(a) claim is required.

Although plaintiffs have requested leave to amend their Complaint, should the court grant defendants' motion in whole or in part, the court concludes that any amendment in regard to this claim would be futile and leave to amend as to this claim

---

[3] This case was transferred to this district pursuant to 28 U.S.C. § 1631. Therefore, the holding in VanDusen v. Barrack, 376 U.S. 612 (1964) does not apply. The substantive law applicable here is the law this court would apply in a case originally filed in this court. Viernow v. Euripides Development Corp., 157 F.3d 785 (10th Cir. 1998).

is therefore **DENIED**.  *See*, Foman v. Davis, 371 U.S. 178, 182 (1962)(court need not grant leave to amend if amendment would be futile).

B.    Negligent Misrepresentation Claim

Defendants seek to dismiss plaintiffs' claim for negligent misrepresentation on the basis that plaintiffs have failed to sufficiently plead that claim.  As this claim does not involve averments of fraud, the claim is governed by Rule 8 rather than Rule 9(b).[4] *See,* 2 James WM. Moore, et al., Moore's Federal Practice, § 9.03[1][d] at 9-21 (3d ed. 2006)(allegations that do not involve fraud do not have to be pleaded with specificity).  Reviewing the claim under the Rule 8 general pleading standard, the court concludes that the claim should not be dismissed.  The court concludes that plaintiffs' allegations provide defendants with fair notice of the claim and the ground upon which it rests.

C.    Fraud (Intentional Misrepresentation) Claim

Defendants also seek to dismiss plaintiffs' fraud (intentional misrepresentation) claim on the basis that plaintiffs' allegations do not comply with Rule 9(b).  As previously stated, plaintiffs' Complaint must provide the "who, what, when, where and how" as well as "the consequences thereof."

According to the Complaint, the "who" in regard to the alleged misrepresentations are defendants Darrel Uselton, Jack Uselton, Warrior Capital, LLC, Frank Uselton, Advanced Powerline Technologies, Inc., Daniel M. Hatton, the Hatton Family Trust and International Development Consultants.  Plaintiffs specifically allege that "each" of these defendants made the subject alleged

---

[4]In footnote 1 of their brief, defendants acknowledge that Rule 9(b) does not expressly apply to a negligent misrepresentation claim.  *See*, Joint Motion to Dismiss, p. 3.

misrepresentations. *See*, First Amended Complaint, ¶ 43.[5] In addition, plaintiffs allege that the misrepresentations were made to plaintiff, Van Steed, and through Mr. Steed to plaintiffs, Mobile Innovision Products, Inc. and Innovision Products, Inc. *Id*. According to the Complaint, the "what" are the following alleged misrepresentations: "that Defendant Warrior was the owner of the initial 5,000,000 shares of Defendant Advanced Powerline (then Bronzesport) sold to Plaintiff Mobile Innovision, that Plaintiff Mobile Innovision would receive 92% of the issued and outstanding stock of Defendant Advanced Powerline (then Bronzesport) post reorganization, and that Defendant Advanced Powerline (then Bronzesport) would be a publicly traded corporation at the time of the closing of the transaction." *Id*., ¶¶ 43, 48. Plaintiffs additionally allege that the "misrepresentations were part of a scheme and/or device to illegally create a market for the shares of Defendant Advanced Powerline (then Bronzesport) and to defraud plaintiffs." *Id*., ¶ 44. According to the Complaint, the "when" was "In or about June 2004." The "how" was "in person and in the Stock Purchase Agreement" and "orally and in writing." *Id*., ¶ 43. "The consequences of" the alleged misrepresentations were "Plaintiff Mobile Innovision paid the sum of $75,000.00 to Defendant Warrior Capital;" "Plaintiff Mobile Innovision invested in the testing and development of communications technology which was the subject of a licensing agreement between Satius and Defendant Advanced Powerline (then AC/DC Communications);" "Plaintiffs invested the sum of at least $1,000,000.00, in the development and testing of communications technology which was the subject of a licensing agreement between Satius and Defendant Advanced Powerline (then

---

[5]Plaintiffs also allege that in making the alleged misrepresentations, "Defendants, Darrel Uselton and Jack Uselton, had the authority to speak for Defendant Warrior Capital;" "Defendant Frank Uselton had the authority to speak for Defendant Advanced Powerline (then Bronzesport); and "Defendant Hatton had the authority to speak for Defendant International Development and for The Hatton Family Trust." *See*, First Amended Complaint, ¶¶ 45, 46 and 47.

AC/DC Communications)" and "Plaintiffs expended both time and money in the business affairs of Defendant Advanced Powerline, including the payment of $300,000.00 due Satius." *Id.*, ¶ 51.

Despite the allegations identifying the "who, what, when and how" and "the consequences thereof," the court concludes that plaintiffs' Complaint is deficient under Rule 9(b). The "where" allegations in regard to the alleged misrepresentations are clearly non-existent. The Complaint alleges that the misrepresentations were made "in person" and were made "orally." There is no allegation, however, as to "where" the alleged oral misrepresentations were made by each of the defendants. The Complaint also alleges that the misrepresentations were made "in writing." While the Complaint does identify the Stock Purchase Agreement[6], there may in fact be other documents in which the alleged misrepresentations were made. As there are multiple defendants[7] who purportedly made the alleged misrepresentations and such misrepresentations were "orally and in writing," the court concludes that the "where" allegations are required to give each of the defendants fair notice of the fraud claim against them.

Plaintiffs have requested leave to amend their Complaint, should the court find defendants' motion should be granted in whole or in part. The court concludes that leave to amend should be granted. Therefore, plaintiffs shall be permitted to cure the "where" deficiency in their fraud (intentional misrepresentation) claim by filing a second amended complaint within 10 days from the date of this order.

---

[6]The parties to the Stock Purchase Agreement, attached as Exhibit A to the First Amended Complaint, are plaintiff, Mobile Innovision Products, Inc., and defendant, Warrior Capital, LLC. Defendant, Darrell Uselton, signed the agreement on behalf of defendant, Warrior Capital, LLC.

[7]The making of undifferentiated allegations against multiple defendants on a group basis can be hazardous if that is ultimately found to have been a recklessly inclusive approach to pleading. *See,* Meek v. Torossian, 2002 WL 32026156, at *9 - 10 (W.D. Okla. 2002).

D.  Civil Conspiracy

Defendants additionally seek to dismiss plaintiffs' claim of civil conspiracy for failure to comply with Rule 9(b). The same allegations of fraud relied upon for plaintiffs' fraud claim form part of the claim for civil conspiracy. The court concludes that these allegations must comply with Rule 9(b). The court concludes that the civil conspiracy claim is deficient as to the non-existence of any "where" allegations in regard to the alleged misrepresentations by defendants, Darrel Uselton, Jack Uselton, Warrior Capital, LLC Frank Uselton, Advanced Powerline Technologies, Inc., Daniel M. Hatton, The Hatton Family Trust and International Development Consultants. The court also finds that the claim is deficient as to the participation of the other named defendants. There are no "when, where, and how" allegations in regard to the other defendants participation in the alleged fraud. The court therefore concludes that the plaintiffs' civil conspiracy claim is subject to dismissal to the extent that the *fraud* allegations comporting the claim fail to comply with Rule 9(b). The court, however, concludes that plaintiffs shall be granted leave to file a second amended complaint to cure this deficiency within 10 days from the date of this order.

As to the *conspiracy* allegations, the court concludes that the pleading requirements of Rule 8 apply. *See,* 2 James WM. Moore, et al., Moore's Federal Practice, § 9.03[1][d] at 9-21 (3d ed. 2006) (allegations that do not involve fraud do not have to be pleaded with specificity). Upon review of the allegations under Rule 8 pleading standards, the court concludes that the allegations are sufficient to withstand dismissal.

E.  Section 10(b) Claim

The final claim defendants seek to dismiss is plaintiffs' securities fraud claim under section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b). Initially, defendants contend that under the PSLRA, plaintiffs must "specify each

statement alleged have been misleading, [and] the reason or reasons why the statement is misleading." *See*, 15 U.S.C. § 78u-4(b)(1). Defendants assert that the Complaint fails to comply with the PSLRA because it does not "identify which specific 'misrepresentations' were made by which particular Defendant, the exact content of the statement or why any of the subject statements were false and misleading." *See*, Joint Motion to Dismiss, p. 7.

The court finds that the Complaint does identify the specific misrepresentations and the defendants making the misrepresentations. The defendants are identified in paragraphs 43 and 54 of the Complaint, which paragraphs are incorporated by reference in the securities fraud claim by paragraph 79. These paragraphs state that "each" of the named defendants made the alleged misrepresentations. The exact content of each misleading statement is referred to in paragraphs 43, 54 and 80.

However, as to the requirement that the Complaint specify "the reason or reasons why each statement made is misleading," the court finds that the Complaint is deficient. Although paragraphs 48 and 59, both of which are incorporated by reference in the securities fraud claim by paragraph 79, allege that the statements made were false, they do not provide any particularized facts which would show the reason or reasons why the statements were false. The Complaint simply alleges in paragraph 48 and 59: "These representations were in fact false. The truth was Defendant Warrior was not the owner of the initial 5,000,000 shares of Defendant Advanced Powerline (then Bronzeport) sold to Plaintiff, that Plaintiff Mobile Innovision would not receive 92% of the issued and outstanding sock of Defendant Advanced Powerline (then Bronzesport) post reorganization, and that Defendant Advanced Powerline (then Bronzesport) was not going to be publicly traded at the time of closing of the transaction." The court concludes that the allegations do not contain particularized facts, necessary to show why each of the alleged misleading

statements were in fact misleading. The court concludes that more specificity is required as to the reasons for which the statements were false. The cited allegations are mere conclusory statements which are insufficient to comply with section 78u-4(b)(1).

Next, defendants contend that the Complaint fails to satisfy the PSLRA's heightened standard for pleading the element of scienter. *See*, 15 U.S.C. § 78u-4(b)(2). In a securities fraud case, the appropriate level of scienter is "a mental state embracing intent to deceive, manipulate, or defraud," or recklessness. Adams, 340 F.3d at 1105. Section 78u-4(b)(2) requires that the amended complaint "state with particularity facts giving rise to a strong inference that the defendant acted with . . . [scienter]." *Id*. When reviewing plaintiffs' allegations of scienter under the PSLRA, the court is to "examine the plaintiff[s'] allegations in their entirety . . . and determine whether the plaintiff[s'] allegations, taken as a whole, give rise to a strong inference of scienter." *Id*. (quotation omitted). A "strong inference" of scienter is a "conclusion logically based upon particular facts that would convince a reasonable person that the defendant knew a statement was false or misleading." *Id*.

The court concludes that the Complaint does not comply with section 78u-4(b)(2). The allegations do not provide averments as to particular facts that would convince a reasonable person that each of the defendants (Darrel Uselton, Jack Uselton, Warrior Capital LLC, Frank Uselton, Advanced Powerline Technologies, Inc., Daniel M. Hatton, The Hatton Family Trust and International Development Consultants) knew the statements were false or misleading. The Complaint, at paragraph 48, which is incorporated into paragraph 79, simply alleges that the statements were false and that "Defendants, and each of them, knew the representations to be false when they made them." However, the allegation that each of the defendants "knew" the statements were false is merely conclusory. There are

no factual allegations to show that each of the defendants had actual knowledge of the alleged falsity of the statements made. The allegations provided do not "state with particularity facts giving rise to a strong inference that the defendant[s] acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2).

The court also concludes that the Complaint does not comply with section 78u-4(b)(2) as to the remaining defendants. The court concludes that plaintiffs have not sufficiently pled allegations establishing a strong inference of scienter as required by the PSLRA.

Finally, to the extent defendants contend that the Complaint fails to satisfy the Supreme Court's ruling in Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336 (2005), the court finds otherwise. The court concludes that the Complaint's allegations are sufficient as to the economic loss element and the loss causation element of plaintiffs' securities fraud claim. The court therefore concludes that dismissal of plaintiffs' securities fraud claim is not required under Dura.

Plaintiffs have requested leave to amend their Complaint in the event of the granting of the motion in whole or in part. The court concludes that leave to amend should be granted. Therefore, plaintiffs shall be permitted to cure the deficiencies in their section 10(b) claim by filing a second amended complaint within 10 days from the date of this order.

Conclusion

Based upon the foregoing, Defendants' Joint Motion to Dismiss, filed June 12, 2006 (doc. no. 43), is **GRANTED in part** and **DENIED in part**. Plaintiffs' Section 17(a) claim is **DISMISSED WITH PREJUDICE**. Plaintiffs' fraud (intentional misrepresentation) claim, civil conspiracy claim and Section 10(b) claim are

**DISMISSED** with leave to amend.  Plaintiffs shall file a second amended complaint within 10 days of the date of this order.[8]

Dated this 21st day of August, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0348p011(pub).wpd

---

[8] On page 7 of the parties' Joint Status Report, filed on May 26, 2006, plaintiffs indicate that they may seek leave to add Christopher Holley as a defendant.  If plaintiffs desire to add Mr. Holley as a defendant, they should move to do so as soon as reasonably possible, preferably soon enough to avoid the need to file a third amended complaint.

-12-