## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

VAN STEED, et al.,                    )
                                      )
                    Plaintiffs,       )
                                      )
-vs-                                  )    Case No.  CIV-06-348-F
                                      )
WARRIOR CAPITAL, L.L.C., et al.,      )
                                      )
                    Defendants.       )

## ORDER

Before the court are:

1.      The Warrior Defendants' Motion to Dismiss the Claims of Mobile Innovision Products, Inc. and Innovision Products, Inc., filed July 19, 2007 (doc. no. 119);

2.      The Motion to Dismiss Counterclaims of Defendants Advanced Powerline Technologies, Inc., Advanced Powerline Oklahoma Corporation, International Development Consultants, Daniel M. Hatton, Roland Butler, Timothy Pace, and Dorine Nyman by Plaintiffs and Counter-Defendants, Van Steed, Mobile Innovision Products, Inc., and Innovision Products, Inc., filed on June 21, 2007 (doc. no. 113); and

3.      The Motion for More Definite Statement in Regard to Counterclaims of Defendants Advanced Powerline Technologies, Inc., Advanced Powerline Oklahoma Corporation, International Development Consultants, Daniel M. Hatton, Roland Butler, Timothy Pace, and Dorine Nyman by Plaintiffs and Counter-Defendants, Van

Steed, Mobile Innovision Products, Inc., and Innovision Products, Inc., filed on June 21, 2007 (doc. no. 114).

In accordance with LCvR R 7.1(g) and (i), the motions are at issue.  Upon due consideration, the court makes its determination.

<u>Warrior Defendants' Motion to Dismiss the Claims of Mobile Innovision Products, Inc. and Innovision Products, Inc.</u>

Defendants,[1] pursuant to Rule 12(b)(6), Fed. R. Civ. P., request the court to dismiss all claims asserted against them by plaintiffs, Mobile Innovision Products, Inc. and Innovision Products, Inc., contending that these corporate entities no longer exist or lack the legal capacity to assert any claims in Oklahoma.  In support of their motion, defendants attach materials outside the pleadings.  Defendants acknowledge that the court may treat their dismissal motion as one for summary judgment. However, if the court chooses to treat the motion as one for summary judgment, defendants request that the court relieve them from the restrictions of LCvR 56.1(a), limiting a party to one motion for summary judgment.  Defendants state that they wish to file a subsequent motion for summary judgment addressing the merits of plaintiffs' claims.

Plaintiffs have not responded to defendants' motion within the time prescribed by LCvR  7.1(g).  Although authorized to do so, the court declines to exercise its discretion to confess the motion at this time.  The court, pursuant to Rule 12(b), Fed. R. Civ. P., chooses to consider the matters presented by defendants outside the pleadings and shall treat defendants' motion as a motion for summary judgment under Rule 56,  Fed. R. Civ. P.  Plaintiffs and defendants are given an additional ten days

---

[1] The Warrior Defendants are Warrior Capital, L.L.C., Darrel Uselton, Jack Uselton, Frank Uselton, Scott Uselton, and Michael Uselton.

from the date of this order to present all material made pertinent to such motion by Rule 56.  If plaintiffs do not present any material, the court may exercise its discretion and deem as confessed the motion the court now treats as a motion for summary judgment.  Defendants, as requested, are exempted from the LCvR 56.1(a) limitation, and may file a second summary judgment motion addressing the merits of plaintiffs' claims in accordance with the deadline specified in the court's scheduling order.

<u>The Motion to Dismiss Counterclaims of Defendants Advanced Powerline Technologies, Inc., Advanced Powerline Oklahoma Corporation, International Development Consultants, Daniel M. Hatton, Roland Butler, Timothy Pace, and Dorine Nyman by Plaintiffs and Counter-Defendants, Van Steed, Mobile Innovision Products, Inc., and Innovision Products, Inc.</u>

Plaintiffs, pursuant to Rule 12(b)(6), Fed. R. Civ. P., request the court to dismiss the counterclaims alleged by defendants in their answer to plaintiffs' second amended complaint filed May 25, 2007 (doc. no. 104).  Defendant, Advanced Powerline Technologies, Inc., alleges the following nine counterclaims based upon Oklahoma law: (1) breach of fiduciary duty; (2) tortious interference with business relationship; (3) tortious interference with prospective business relationship or with business opportunity; (4) conspiracy to breach fiduciary duty; (5) conspiracy to tortiously interfere with contractual and business relationship; (6) conspiracy to tortiously interfere with prospective business relationship; (7) defamation by slander; (8) defamation by libel and (9) accounting.  Defendants, Advanced Powerline Oklahoma Corporation, International Development Consultants, Daniel M. Hatton, Roland Butler, Timothy Pace and Dorine Nyman, allege the following five counterclaims based upon Oklahoma law: (1) defamation by slander; (2) defamation

by libel; (3) conspiracy to commit defamation by slander;[2] (4) conspiracy to commit defamation by libel and (5) unjust enrichment.  Defendant, Advanced Powerline Oklahoma Corporation, further alleges two additional counterclaims based upon Oklahoma law: (1) breach of contract and (2) equitable estoppel.

Initially, plaintiffs assert that all sixteen of defendants' counterclaims fail to state a claim upon which relief may be granted because they fail to give fair notice of the claims and the grounds upon which they rest.  Plaintiffs next assert that twelve of the sixteen counterclaims contain allegations of fraud and that the allegations fail to meet the stringent pleading requirements of Rule 9(b), Fed. R. Civ. P.  Further, plaintiffs contend that twelve of the sixteen counterclaims fail to state a claim because they do not allege all of the elements of those counterclaims required by Oklahoma law.

Until recently, dismissal under Rule 12(b)(6) was appropriate only where "it appears beyond a doubt that the [defendants] can prove no set of facts in support of [their] claim which would entitle [them] to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  In Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007), however, the Supreme Court prescribed "a new inquiry . . . to use in reviewing a dismissal: whether the [counterclaim] contains 'enough facts to state a claim to relief that is plausible on its face.'" Ridge at Red Hawk, L.L.C. v. Schneider, ___ F.3d ___, 2007 WL 1969681, at 3 (10th Cir. July 9, 2007) (quoting Bell Atlantic Corp., 127 S.Ct. at 1974).  In order to survive plaintiffs' motion to dismiss, defendants must "nudge[] their claims across the line from conceivable to plausible."  Bell Atlantic Corp., 127 S.Ct. at 1974; Ridge at Red Hawk, L.L.C., 2007 WL 1969681, at 3.  The court, in conducting its review, still "assumes the truth of the [defendants] well-pleaded factual

---

[2] Defendant's answer at page 26 labels this claim as "Defamation By Slander" but it appears to be a claim for conspiracy to commit defamation by slander.

allegations and views them in the light most favorable to the [defendants]." <u>Ridge at Red Hawk, L.L.C.,</u> 2007 WL 1969681, at 3.

Rule 8, Fed. R. Civ. P., sets forth the general pleading standard for defendants' counterclaims.  In accordance with Rule 8(a)(2), defendants, for each counterclaim, must provide "a short and plain statement of the claim that will give the [plaintiffs] fair notice of what the [defendants'] claim is and the grounds upon which it rests." <u>United Steelworkers of Am. v. Or. Steel Mills, Inc.,</u> 322 F.3d 1222, 1228 (10th Cir. 2003) (quotations omitted).  In addition, each averment in the counterclaims must be "simple, concise, and direct."  Fed. R. Civ. P. 8(e).  In evaluating defendants' counterclaims, the court is to construe the counterclaims "as to do substantial justice." Fed. R. Civ. P. 8(f).

Rule 9(b), Fed. R. Civ. P., provides in pertinent part: "In all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity." Defendants assert that their fraud allegations should not be subjected to the requirements of Rule 9(b).  The court does not agree.  Allegations of fraud are serious business, regardless of whether the fraudulent conduct which is alleged is an element of a claim or is merely alleged in support of a claim which need not, under applicable law, rest on allegations of fraud.  Allegations of fraud raise the ante both for the parties and for the attorney who puts his name on the pleading that levels the accusation of fraud.  Consequently, the court concludes that in  cases such as the one at bar in which fraud is not an essential element of any claim, Rule 9(b) does apply, but it applies only to the averments of fraud and not to the pleading in its entirety.  In this respect, the court agrees with the reasoning of the Ninth Circuit in <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1103, 1105 (9th Cir. 2003).  As stated by the court in <u>Vess,</u>

In cases where fraud is not a necessary element of a claim, a [defendant] may choose nonetheless to allege in the complaint that the [plaintiff] has engaged in fraudulent conduct. In some cases, the [defendant] may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim. In that event, the claim is said to be "grounded in fraud" or to "sound in fraud," and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b).

* * * *

In other cases, however, a [defendant] may choose not to allege a unified course of fraudulent conduct in support of a claim, but rather to allege some fraudulent and some non-fraudulent conduct. In such cases, only the allegations of fraud are subject to Rule 9(b)'s heightened pleading requirements. The text of Rule 9(b) requires only that in "all *averments of fraud* . . ., the circumstances constituting fraud . . . shall be stated with particularity." Fed.R.Civ.P. 9(b) . . . The rule does not require that allegations supporting a claim be stated with particularity when those allegations describe non-fraudulent conduct.

Vess, 317 F.3d at 1103-1104 (emphasis in original).  In order to plead fraud with particularity, defendants must "set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof."  Koch v. Koch Indus., 203 F.3d 1202, 1236 (10th Cir. 2000) (quotations omitted).  This means "'the who, what, when, where, and how: the first paragraph of any newspaper story.'"  Caprin v. Simon Transportation Services, Inc., 99 Fed. Appx. 150, 2004 WL 326995, *5 (10th Cir. February 23, 2004) (quoting DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir.1990)).

Furthermore, as stated by the court in Vess,

Where averments of fraud are made in a claim in which fraud is not an element, an inadequate averment of fraud does not mean that no claim has been stated.  The proper route is to *disregard* averments of fraud not meeting Rule 9(b)'s standard and then ask whether a claim has been stated.

6

317 F.3d at 1105 (quoting <u>Lone Star Ladies Inv. Club v. Schlotzsky's Inc.</u>, 238 F.3d 363, 368 (5th Cir. 2001) (emphasis in original)).  In other words, the court should "strip" the insufficiently pled averments of fraud from the counterclaim and examine the remaining allegations to determine whether it states a claim.  *Id.*

The court agrees with plaintiffs that defendants rely upon and set forth allegations of fraudulent conduct to support the twelve challenged counterclaims.  The court also agrees that the allegations of fraudulent conduct, i.e. fraudulent representations, statements or information, do not satisfy the Rule 9(b) pleading requirements.  Stripping the fraudulent conduct allegations from the counterclaims, the court concludes that defendant Advanced Powerline Technologies, Inc.'s counterclaims of tortious interference with business relationship, tortious interference with prospective business relationship or with business opportunity, conspiracy to tortiously interfere with contractual and business relationship and conspiracy to tortiously interfere with prospective business relationship, defamation by slander and defamation by libel do not state a claim for relief and should be dismissed.  The court, however, concludes that the dismissal should be without prejudice and with leave to amend defendant's answer to the second amended complaint to allege facts in support of the counterclaim sufficient to satisfy the Rule 9(b) pleading standards.  *See*, <u>Vess</u>, 317 F.3d at 1108.

Because fraud is not an essential element of any of the counterclaims at issue here, defendant, Advanced Powerline Technologies, Inc., in amending its answer, may choose to rely upon conduct other than fraudulent conduct to state a claim for relief.  Thus, it may delete allegations of fraudulent conduct in amending the counterclaims for tortious interference with business relationship, tortious interference with prospective business relationship or with business opportunity, conspiracy to tortiously interfere with contractual and business relationship and conspiracy to

tortiously interfere with prospective business relationship, defamation by slander and defamation by libel. In that event, defendants will not be required to comply with Rule 9(b).

As to the counterclaims for breach of fiduciary duty and conspiracy to breach fiduciary duty, asserted by Advanced Powerline Technologies, Inc., the court concludes that those counterclaims are not subject to dismissal. Both counterclaims include allegations of non-fraudulent and fraudulent conduct. Disregarding the fraudulent conduct allegations, the court concludes that the counterclaims do state a claim for relief. The court, however, advises defendant that if it intends to rely upon the alleged fraudulent conduct to support the counterclaims, defendant, in filing its amended answer, should include allegations sufficient to satisfy Rule 9(b) in order to rely upon the fraudulent conduct. Defendant, though, may choose to rely upon the alleged non-fraudulent conduct, or other non-fraudulent conduct, and, if it chooses to do so, may delete any reference to the fraudulent conduct in its amended answer.

Plaintiffs' arguments notwithstanding, the court concludes that the breach of fiduciary duty and conspiracy to breach fiduciary duty counterclaims comply with Rule 8. The court concludes that defendant gives plaintiffs fair notice of each claim and the grounds upon which each claim rests. The court also concludes that all the elements of a civil conspiracy can be inferred from the allegations set forth in defendant's counterclaim for conspiracy to breach fiduciary duty. The court therefore concludes that the counterclaims for breach of fiduciary duty and conspiracy to breach fiduciary duty should not be dismissed.

Turning to the counterclaims of defendants, Advanced Powerline Oklahoma Corporation, International Development Consultants, Daniel M. Hatton, Roland Butler, Timothy Pace and Dorine Nyman, the court concludes that the counterclaims for defamation by slander, defamation by libel, conspiracy to commit defamation by

8

slander, and conspiracy to commit defamation by libel should be dismissed.  The counterclaims, stripped of the alleged fraudulent conduct, do not state a claim for relief.  The court, however, also concludes that the dismissal should be without prejudice and with leave to amend.  *See*, <u>Vess</u>, 317 F.3d at 1108.  Defendants may choose to rely upon allegations of other non-fraudulent conduct to support the counterclaims and therefore delete all references to fraudulent conduct in their counterclaims.  In doing so, Rule 9(b) will not be applicable to defendants' counterclaims.

The court now turns to the remaining counterclaims challenged by plaintiffs. These counterclaims include Advanced Powerline Technologies, Inc.'s counterclaim for accounting, the counterclaim of defendants Advanced Powerline Oklahoma Corporation, International Development Consultants, Daniel M. Hatton, Roland Butler, Timothy Pace and Dorine Nyman's for unjust enrichment, and defendant Advanced Powerline Oklahoma Corporation's counterclaims for breach of contract and equitable estoppel.  Despite plaintiffs' argument to the contrary, the court concludes that these counterclaims comply with Rule 8.  The court specifically concludes that these counterclaims do provide plaintiffs with fair notice of the claims and the grounds upon which they rest.  The court also concludes that the counterclaims for unjust enrichment, breach of contract and equitable estoppel sufficiently allege facts as to the elements of the claims as defined by Oklahoma law. The court therefore concludes that dismissal of those counterclaims is not appropriate.

The Motion for More Definite Statement as to Counterclaims of  Defendants
Advanced Powerline Technologies, Inc., Advanced Powerline Oklahoma Corporation,
International Development Consultants, Daniel M. Hatton, Roland Butler, Timothy
Pace, and Dorine Nyman by Plaintiffs and Counter-Defendants, Van Steed, Mobile
Innovision Products, Inc., and Innovision Products, Inc.

Plaintiffs move, pursuant to Rule 12(e), Fed. R. Civ. P., for a more definite
statement as to the counterclaims.  Rule 12(e) provides in pertinent part:

> If a pleading to which a responsive pleading is permitted is so vague and
> ambiguous that a party cannot reasonably be required to frame a
> responsive pleading, the party may move for a more definite statement
> before interposing a responsive pleading.

A motion for a more definite statement is generally not favored because of the liberal
pleading requirements of Rule 8(a).  Mullins v. I.C. System, Inc., 2007 WL 1795871,
at *2 (D. Colo. June 21, 2007) (citing Daley v. Regional Transp. Dist., 142 F.R.D.
481, 485 n. 3 (D. Colo. 1992); Classic Communications, Inc. v. Rural Telephone, 956
F. Supp. 910, 923 (D. Kan. 1997)).  Rule 12(e) is designed to strike at unintelligible
pleadings rather than pleadings which lack detail.  2 James Wm. Moore, Moore's
Federal Practice, §12.36 (3d ed. 2007).  Given proper, although general, allegations,
a Rule 12(e) motion is usually denied on the ground that discovery is the more
appropriate vehicle for obtaining detailed information.  Id.

The court concludes that plaintiffs' motion should denied.  As to the
counterclaims which contain averments of fraud that do not satisfy Rule 9(b) and
which do not state a claim in the absence of those averments, the court is dismissing
those counterclaims without prejudice and with leave to amend.  Therefore, the court
need not, at least at this juncture, direct a more definite statement as to those
counterclaims.  The court concludes that the remaining counterclaims satisfy the
standards of Rule 8(a) and that no more definite statement is required.  Any detail
sought by plaintiffs may be obtained through discovery.

Conclusion

IT IS THEREFORE ORDERED that The Warrior Defendants' Motion to Dismiss the Claims of Mobile Innovision Products, Inc. and Innovision Products, Inc., filed July 19, 2007 (doc. no. 119), is converted, pursuant to Rule 12(b)(6), Fed. R. Civ. P., into a motion for summary judgment under Rule 56, Fed. R. Civ. P. Plaintiffs and defendants are given ten business days from the date of this order to present all material made pertinent to such motion by Rule 56.

IT IS ALSO ORDERED that The Motion to Dismiss Counterclaims of Defendants Advanced Powerline Technologies, Inc., Advanced Powerline Oklahoma Corporation, International Development Consultants, Daniel M. Hatton, Roland Butler, Timothy Pace, and Dorine Nyman by Plaintiffs and Counter-Defendants, Van Steed, Mobile Innovision Products, Inc., and Innovision Products, Inc., filed on June 21, 2007 (doc. no. 113), is **GRANTED in part** and **DENIED in part**. Defendant Advanced Powerline Technologies, Inc.'s counterclaims of tortious interference with business relationship, tortious interference with prospective business relationship or with business opportunity, conspiracy to tortiously interfere with contractual and business relationship and conspiracy to tortiously interfere with prospective business relationship, defamation by slander, and defamation by libel, and defendants, Advanced Powerline Oklahoma Corporation, International Development Consultants, Daniel M. Hatton, Roland Butler, Timothy Pace and Dorine Nyman's counterclaims of defamation by slander, defamation by libel, conspiracy to commit defamation by slander, and conspiracy to commit defamation by libel are **DISMISSED WITHOUT PREJUDICE**. Defendants, however, are granted leave to file an amended answer to plaintiffs' second amended complaint within ten business days from the date of this order.

IT IS FURTHER ORDERED that The Motion for More Definite Statement in Regard to Counterclaims of Defendants Advanced Powerline Technologies, Inc., Advanced Powerline Oklahoma Corporation, International Development Consultants, Daniel M. Hatton, Roland Butler, Timothy Pace, and Dorine Nyman by Plaintiffs and Counter-Defendants, Van Steed, Mobile Innovision Products, Inc., and Innovision Products, Inc., filed on June 21, 2007 (doc. no. 114), is **DENIED**.

DATED August 24, 2007.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0348p036(pub).wpd