IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| VAN STEED, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| -vs- | ) | Case No. CIV-06-348-F |
| | ) | |
| WARRIOR CAPITAL, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

Before the court is the motion for summary judgment filed by defendants, Warrior Capital, L.L.C., Darrel Uselton, Jack Uselton, Frank Uselton, Scott Uselton, and Michael Uselton.[1] Upon due consideration of the parties' submissions, the court makes its determination.

Defendants seek summary judgment as to the claims of plaintiffs, Mobile Innovision Products, Inc. ("MIP") and Innovision Products, Inc. ("IP"), on the grounds that plaintiffs no longer exist or lack the legal capacity to assert their claims in Oklahoma.[2] Specifically, as to MIP, defendants contend that pursuant to an

---

[1] Defendants originally filed a motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P. On August 24, 2007, the court entered an order converting, pursuant to Rule 12(b), Fed. R. Civ. P., defendants' motion to dismiss into a motion for summary judgment under Rule 56, Fed. R. Civ. P., and directing the parties to present all material made pertinent to such motion by Rule 56. Plaintiffs filed their material on September 10, 2007, and by order of the court, filed supplemental material on September 24, 2007. Defendants filed a reply on September 25, 2007 and plaintiffs filed a sur-reply on October 9, 2007.

[2] It appears that defendants have complied with Rule 9(a), Fed. R. Civ. P., in raising the issue as to capacity to sue in that defendants have alleged lack of capacity as an affirmative defense in their answer to plaintiffs' second amended complaint, *see*, defendants' answer, p. 16, ¶ 3 (doc.

Agreement of Merger and Oklahoma state law, MIP, a California corporation, merged into defendant, Advanced Powerline Oklahoma Corporation ("APO"), an Oklahoma corporation, on July 30, 2004.[3] Because MIP no longer exists as a legal entity under Oklahoma law due to the merger, defendants contend that MIP has no capacity to sue and that its claims against defendants should be dismissed. Defendants also assert that MIP lacks standing to assert its claim by virtue of 68 O.S. 2001 § 1212(c) for failure to register to do business in Oklahoma. As to IP, defendants contend that it lacks both capacity and standing because its right to exist as a corporation in its state of origination, Nevada, was revoked on January 1, 2007. Moreover, as with to MIP, defendants assert that IP has never registered to do business in Oklahoma and is thus barred under § 1212(c) from asserting a claim in an Oklahoma court.

Plaintiffs, in response, assert that MIP has the capacity to sue because the subject merger did not become effective. According to plaintiffs, MIP's president did not execute a necessary document required for filing in California. Specifically, they assert that MIP did not complete the Request for Tax Clearance Certificate - Corporations. Plaintiffs assert the records of the California Secretary of State show that MIP is still an active corporation. In addition, plaintiffs assert that IP has the capacity and standing to sue because IP has been reinstated in Nevada. Further, they

---

no. 102) and filed the instant motion shortly thereafter providing the particular details regarding lack of capacity.

[3] The Agreement of Merger between MIP and APO provides in pertinent part:

> Pursuant to the terms and provisions of this Agreement of Merger and [18 O.S. § 1081], MIP shall be merged with and into APO effective 5:00 p.m., July 30, 2004, as confirmed by the filing of APO of a Certificate of Merger with the Secretary of State of the State of Oklahoma. APO shall be the surviving corporation . . . APO shall make such filings with California as are required by law to consummate the merger.

assert that § 1212(c), a state statute, does not preclude their pursuit of claims in federal court.

Rule 17(b), Fed. R. Civ. P., specifically provides that the "capacity of a corporation to sue or be sued shall be determined by the law under which it is organized." *See*, Rule 17(b), Fed. R. Civ. P.  As to IP, it appears from the documentation presented in supplemental filings that IP has been reinstated in Nevada.  Defendants have not presented any authority from Nevada that would show that IP does not have the capacity to sue.  The court therefore concludes that defendants are not entitled to summary judgment on the basis that IP's corporate charter was revoked.

In regard to MIP, capacity to sue under Rule 17(b) is determined, as stated, by the law under which MIP is organized.  MIP is a California corporation.  At the time of the execution of the Agreement to Merger, § 1108 of the California Corporation Code, addressing mergers between domestic and foreign corporations, provided in pertinent part:

> (d) If the surviving corporation is a foreign corporation, the merger shall become effective in accordance with the law of the jurisdiction in which it is organized, but, except as provided in subdivision (e), the merger shall be effective as to any domestic disappearing corporation as of the time of effectiveness in the foreign jurisdiction upon the filing in this state as required by this subdivision.  There shall be filed as to the domestic disappearing corporation . . . the documents described in any of the following paragraphs:
>
>> (1)  A copy of the agreement, certificate or other document filed by the surviving foreign corporation in the state or place of its incorporation for the purpose of effecting the merger, which copy shall be certified by the public officer having official custody of the original.

>   (2) An executed counterpart of the agreement, certificate or other document filed by the surviving foreign corporation in the state or place of its incorporation for the purpose of effecting the merger.
>
>   (3) A copy of the agreement of merger with an officers' certificate of the surviving foreign corporation and of each constituent domestic corporation attached, which officers' certificates shall conform to the requirements of Section 1103.
>
>   (4) A certificate of ownership pursuant to Section 1110.
>
> (e) If the date of the filing in this state pursuant to subdivision (d) is more than six months after the time of the effectiveness in the foreign jurisdiction, . . .the merger shall be effective as to the domestic disappearing corporation or corporations as of the date of filing in this state.
>
> * * * *
>
> (g) A certificate of satisfaction of the Franchise Tax Board shall be filed when required by Section 1103 or 1110 or when required by Section 23334 of the Revenue and Taxation Code.

Cal. Corp. Code § 1108; Stats. 2000, c. 201 (A.B. 1894), § 1.[4]

It appears from the record that the necessary documents required by § 1108 were not filed. Thus, under the cited California law, the merger did not become effective as to MIP. From the evidence presented, it appears that MIP is still in existence. Moreover, defendants have not cited any authority that would show that, under California law, MIP is not in existence. The court therefore concludes that defendants

---

[4] Section 1108 was amended in 2006 to delete subdivision (g). *See*, Cal. Corp. Code § 1108 (West 2006); Stats. 2006, c. 773 (A.B. 2341).

are not entitled to summary judgment on the ground that MIP does not have the capacity to sue due to the merger.

Defendants have also argued that IP and MIP lack capacity to sue because they failed to register to do business in Oklahoma. In their motion, defendants rely upon 68 O.S. 2001 § 1212(c) as prohibiting plaintiffs' suit. Defendants, in reply, however also rely upon 18 O.S. 2001 § 1137. Both statutes are state door-closing statutes. The court initially concludes, however, that these statutes do not apply to plaintiffs' federal law claim. Subject matter jurisdiction for that claim is based upon federal question jurisdiction rather than diversity jurisdiction; consequently, the court need not apply the forum state restriction on plaintiffs' right to sue. *See*, Metropolitan Paving Co. v. International Union of Operating Engineers, 439 F.2d 300, 307 (10th Cir.), *cert denied*, 404 U.S. 829 (1971); Hoeppner Const. Co. v. U.S. for Use of Mangum, 287 F.2d 108, 110 (10th Cir. 1960).

As to plaintiffs' state law claims for which subject matter jurisdiction is based upon diversity of citizenship or supplemental jurisdiction, the court concludes that the state door-closing statutes may apply. *See*, 6A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice and Procedure, § 1561 (2nd ed. 1990); *but see*, Little, Out of Woods and into Rules: the Relationship Between State Foreign Corporation Door-Closing Statutes and Federal Rule of Civil Procedure 17(b), 72 Va.L.Rev. 767 (1986) (author arguing Rule 17(b) has been incorrectly interpreted as inapplicable to the door-closing problem and that state door-closing statutes should not be allowed to modify it). However, as to § 1212(c), the court concludes that defendants have not shown that the statute actually applies here. Specifically, defendants have not shown that IP and MIP's right to do business in Oklahoma was "forfeited."[5] Defendants

---

[5] Section 1212(c) provides in pertinent part:

have only shown that the State of Oklahoma has no record of IP and MIP having a right to transact business in the state. The court thus concludes that defendants must rely upon § 1137.

Section 1137 provides in pertinent part:

A foreign corporation which is required to comply with the provisions of [18 O.S. § 1130 and 1131] and which has done business in this state without authority shall not maintain any action . . . in this state unless and until such corporation has been authorized to do business in this state and has paid the state all fees, penalties and franchise taxes for the years or parts thereof during which it did business in this state without authority.

18 O.S. 2001 § 1137. In order for § 1137 to apply, defendants must show that IP and MIP were doing business in Oklahoma. Dime Sav. & Trust Co. v. Humphreys, 53 P.2d 665 (1936). While defendants make factual statements in their motion that MIP has done business in the state, the court concludes that such factual statements are not a part of the record. *See*, LCvR 7.1(j). Having reviewed the evidence in the record, the court concludes that there is an insufficient showing that IP and MIP were, in fact, doing business in the state. The court therefore finds that defendants have failed to demonstrate that IP and MIP lack capacity to sue on the basis of the state-door closing statute of § 1137. The court therefore concludes that defendants are not entitled to summary judgment on the grounds that plaintiffs' lack capacity to sue under the state door-closing statutes of § 1212(c) and § 1137.

Based upon the foregoing, the motion to dismiss filed by defendants, Warrior Capital, L.L.C., Darrel Uselton, Jack Uselton, Frank Uselton, Scott Uselton, and

---

Any corporation . . . whose right to do business shall be . . . forfeited shall be denied the right to sue or defend in any court of this state, except in a suit to forfeit the charter of such corporation . . . unless its right to do business in this state shall be reinstated . . . .

Michael Uselton, on July 19, 2007 (doc. no. 119), which was converted into a motion for summary judgment, is **DENIED**.

DATED November 7, 2007.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0348p043(pub).wpd